212

Emilio Soto González et al., Plaintiffs and Appellants, *v.* José Rosa et al., Defendants and Appellees.

No. 5418. Argued February 14, 1934.—Decided February 20, 1934.

*Armando A. Miranda* for appellant M. González López. *Lens & Susoni* for appellees.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Olegaria C. González López died intestate on July 31, 1926, without leaving any surviving descendants or ascendants. The plaintiffs, Martín González López, Emiliano, Dolores, and Polonia Soto González; and María Eleuteria Acevedo López, claiming to be the sole and universal heirs of the deceased, the first in his capacity as natural brother and the others in their capacity as nieces and nephews by right of representation, brought this action to recover a rural parcel and two urban parcels, which belonged to the deceased and are described in the complaint. The defendants in their answer admitted that Candelaria González López, mentioned in the complaint as Olegaria González López, left the said property at her death, but they allege that since she died without leaving descendants or ascendants, her widower, Pascual Rosa, was and is her sole and universal heir.

During the trial, at the close of plaintiffs' evidence, the defendants presented a motion for nonsuit which was granted by the court as to the plaintiffs Emiliano, Dolores, and Polonia Soto, and María Eleuteria Acevedo López, and denied as to plaintiff Martín González López. The court decided the

case on the merits as to this plaintiff, by dismissing the complaint after the evidence had been presented, as it was of the opinion that Martín González López had failed to prove his status as a natural brother of Olegaria.

The sole ground for the present appeal is that the court erred "in holding that the plaintiff-appellant did not prove that Olegaria González López was the acknowledged natural daughter of Nicomedes González and therefore a paternal sister of said plaintiff-appellant."

In order to show his natural relationship with the deceased, the plaintiff presented Olegaria's certificate of baptism issued by the priest in charge of the Parish of Moca, and a certified copy of a judgment rendered on December 2, 1927, by the District Court of San Juan, holding Martín López to be the acknowledged natural son of Nicomedes González.

The baptismal certificate offered as evidence reads as follows:

"I, Fray Arsenio Fernández y Rodríguez, a member of the Order of St. Augustine, and priest in charge of the Parish of Moca, Diocese of Ponce, P. R., DO HEREBY CERTIFY: That in Book Twenty-four (24) of Baptisms on file in this parish, and at the back of folio 23, there appears an entry which reads as follows: 'In the town of Moca, on March first, eighteen hundred and eighty-two: I, Prebyster Pedro Casado y Canales, priest of the parochial Church of Our Lady of Monserrate, solemnly baptized and christened *Olegaria,* who was born on the sixth of March of last year, an acknowledged daughter of Nicomedes González and María López. Paternal grandparents are Juan González and María Colón and maternal grandparents are Pedro Pérez and María López. The godparents were Rosalía González and Guillermo Soto, whom I instructed as to the spiritual relationship and obligations to which I certify. Pedro Casado y Canales.' There is a flourish.—It is a true and correct copy of the original to which I refer and at the request of an interested party I issue these presents, which I sign and seal at Moca, this tenth day of September, nineteen hundred and twenty-six—(Signed) Fr. Arsenio Fernández, C.P."

The question is clear and should be decided on the same grounds that the lower court set forth in its opinion. This

court has repeatedly held that a baptismal certificate is insufficient to establish the acknowledgment of a natural child by means of a public instrument. As the lower court aptly says, in order for the plaintiff in this case to have alleged successfully that Olegaria was the acknowledged natural daughter of Nicomedes González, and thus establish his status as paternal brother, it was necessary to show that such acknowledgment had been made voluntarily and solemnly by the father, or that she had obtained a final declaration in her favor in a competent court and within the proper proceeding. Whether the baptismal certificate be considered in the light of the provisions of Law 11 of Toro, or of the provisions of the Civil Code of Spain, or of the Civil Code in force, and however liberally that evidence may be weighed, we cannot give it the probative value that the plaintiff claims for it. It does not show that the acknowledgment was made by Nicomedes González personally, or that the latter signed the document with the required witnesses. *Aguayo* v. *García,* 11 P.R.R. 263; *Heirs of Díaz* v. *Heirs of Díaz,* 17 P.R.R. 53; *Rivera* v. *Cámara,* 17 P.R.R. 503; *Rodríguez* v. *Rodríguez et al,* 18 P.R.R. 429; *Ex-Parte Otero et al.,* 27 P.R.R. 315; *Cepeda* v. *Peñalosa,* 28 P.R.R. 878.

The judgment appealed from must be affirmed.